NOT FOR PUBLICATION (Docket Entry No. 22)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
WILLIE J. GRIFFIN, JR.,             :    Civil Action No. 06-4488 (RBK)
                                    :
         Plaintiff,                 :
                                    :
    v.                              :    **O P I N I O N**
                                    :
CHARLES SAMUELS, JR., Warden,       :
MR. MAYS, Associate                 :
Warden, and HARLEY LAPPIN,          :
         Defendants.                :
_____:

**KUGLER**, District Judge:

This matter comes before the Court on the motion of Defendants Warden Charles Samuels, Associate Warden Mays, and Bureau of Prisons Director Harley G. Lappin ("Defendants") to dismiss Plaintiff Willie Griffin, Jr.'s complaint for failure to exhaust administrative remedies as required by 42 U.S.C. 1997e(a). Because Plaintiff did not comply with the required administrative grievance procedures before filing the Complaint in this case, his Complaint will be dismissed.

**I.    BACKGROUND**

Plaintiff's Complaint, filed on September 21, 2006, seeks relief based on his conditions of confinement at the Federal Correctional Institution at Fort Dix ("FCI-Fort Dix").[1] His Complaint alleges that there is insufficient storage space, inmates are harassed with room

___
[1] Plaintiff has since been transferred to the Federal Correctional Institution at Allenwood in White Deer, Pennsylvania.

inspections, inmates are exposed to second-hand smoke with an inadequate ventilation system, the windows are too small, sanitation is inadequate with leaky pipes and clogged drains, and the rooms are overheated in the summer due to the lack of ventilation.  Plaintiff also complains that the institution is overcrowded, and that there is a higher potential for fighting due to the housing of inmates with foreign deportees.  Finally, Plaintiff argues that he is being denied access to courts because he cannot access his legal papers.  In his Complaint, Plaintiffs alleges physical and psychological pain and suffering and asks for monetary and injunctive relief.

On August 31, 2007, Defendants filed the present motion to dismiss Plaintiff's claims for failure to exhaust administrative remedies.

## II. STANDARD OF REVIEW

A motion to dismiss for failure to exhaust administrative remedies is treated as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997).  However, once the parties go "beyond the face of the pleadings" to establish whether the administrative remedies have been exhausted, courts should treat the issue "in a manner consistent with Rule 56 for summary judgment."  Id.

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In evaluating the evidence presented by the parties, the Court "must view the facts in the light most favorable to

the nonmoving party and draw all inferences in that party's favor." Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007) (citation omitted).

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Celotex, 477 U.S. at 330. The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

### III.  ANALYSIS

Under the Prison Litigation Reform Act of 1995 ("PLRA"), codified at 42 U.S.C. § 1997e, prisoners are precluded from contesting prison conditions in federal court until exhausting "all avenues of relief available to them within their prison's inmate grievance system." Spruill v. Gillis, 372 F.3d 218, 227 (3d Cir. 2004) (holding that the failure to "properly" exhaust administrative remedies under the PLRA constitutes a procedural default). The purpose of the exhaustion requirement is "(1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps

settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits." Id. at 230.  With the requirement, Congress intended to afford "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Id. at 227.

The exhaustion requirement's broad scope indicates that it "applies to all federal claims brought by any inmate," including claims related to specific incidents and claims of ongoing conditions. Porter v. Nussle, 534 U.S. 516, 520, 532 (2002).  Additionally, a plaintiff must pursue to completion all available administrative remedies, even if they are not "plain, speedy, and effective," do "not meet federal standards," or could not result in the relief requested in the suit. Id. at 524.  Grievance procedures set forth in an inmate handbook constitute such a remedy, even if they are not formally adopted by any state administrative agency. Concepcion v. Morton, 306 F.3d 1347, 1354-55 (3d Cir. 2002).

The prisoner must "carry the grievance through any available appeals process" before the remedies will be deemed exhausted. Camino v. Scott, No. 05-4201, 2006 WL 1644707, at *4 (D.N.J. June 7, 2006) (citing Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000); Spruill, 372 F.3d at 232).  Failure to exhaust remedies mandates dismissal of the inmate's claim. Booth v. Churner, 532 U.S. 731, 739 (2001); Ahmed v. Sromovski, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000).

The Bureau of Prisons ("BOP") has an Administrative Remedy Program, which is a three-tier process available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement," except tort claims, inmate accident compensation claims, and Freedom of Information or Privacy Act requests. See 28 C.F.R. §§ 542.10, 542.12(b).  To exhaust an administrative remedy, an inmate must initially attempt to

informally resolve the issue with staff by submitting a BP-8.  See 28 C.F.R. § 542.13(a).  If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counselor)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted.  See 28 C.F.R. 542.14.  The Warden is required to respond within 20 calendar days, but the inmate "may consider the absence of a response" within 20 days or 40 days, if the inmate has been informed in writing of the need for an extension, to be a denial.  Id.  An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response.  See 28 C.F.R. § 542.15(a).  The inmate may appeal to the General Counsel in the Central Office on a BP-11 within 30 days of the date the Regional Director signed the response.  Id.  Appeal to the General Counsel is the final administrative appeal.  Id.

Defendants provide a declaration from Tara Moran, a legal assistant at FCI-Fort Dix.  (Moran Decl.)  Moran asserts that as part of her job, she works with a computerized system designed to track inmate grievances.  She further indicates that Plaintiff did not file any grievances seeking administrative remedies on the allegations in his Complaint.  (Moran Decl. ¶ 8.)  Plaintiff does not dispute that he did not seek administrative remedies.  Rather, he argues that he was not required to do so for three reasons: first, because he would suffer irreparable injury without immediate judicial relief; second, because he raises a "substantial constitutional question"; and third, because he filed out a BP-8 and a BP-9, which he mailed to a "civilian for copies" and never got back.  (Compl. p. 4(a).)  However, these reasons are unavailing.

The exhaustion requirement is mandatory, and it is not waived even if the administrative remedies would be futile or would not provide the relief sought. See Nyqyuis, 204 F.3d at 66. The fact that Plaintiff attempts to assert immediate harm or a violation of constitutional rights does not alter the exhaustion requirement. See Porter, 534 U.S. at 532.

Plaintiff appears to additionally argue that he did not exhaust his administrative remedies because when he requested the BP-9 form, he was threatened with "bathroom duty" by the unit manager who gave him the form. (Compl. p. 4(a); Pl.'s Br. at 2.) However, even if this threat was made, it cannot excuse Plaintiff's failure to seek administrative remedies at any level. While a failure to exhaust may be excused if prison officials refused to provide grievance forms to an inmate, Plaintiff here agrees that he was in fact given the requested form. See Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003).

Plaintiff does attach a BP-9 form he filled out; however, this form does not detail all the issues Plaintiff seeks relief on in his Complaint, and this one form cannot satisfy the exhaustion requirement. (Pl.'s Br. at 5.) An inmate must complete all steps in the administrative remedy process, including appeals, before filing a complaint; it is undisputed that Plaintiff did not do so. See Spruill, 342 F.3d at 227-28, 230.

Finally, Plaintiff's claims that his grievance forms were lost when he sent them out of the prison to a civilian to be photocopied do not excuse his failure to exhaust. The responsibility to exhaust administrative remedies belongs to the inmate; while others may assist with filling out the forms, the inmate must submit the forms himself, and problems with obtaining assistance are not a valid reason for failing to timely seek and exhaust administrative remedies. See 28 C.F.R. § 542.16.

**IV.     CONCLUSION**

       For the foregoing reasons, the Court finds that Plaintiff did not exhaust his administrative remedies, as he was required to do, and so the Court grants Defendants' motion for summary judgment.  An accompanying order shall issue today.


Dated:   4-8-08                                                                    /s/ Robert B. Kugler
                                                                               ROBERT B. KUGLER
                                                                               United States District Judge